BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION



IN RE AIRPORT CAR RENTAL )
ANTITRUST LITIGATION      )     DOCKET NO. 338

OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, ANDREW A. CAFFREY*, AND ROY W. HARPER, JUDGES OF THE PANEL.

---

PER CURIAM

This litigation consists of six actions pending in five districts -- two in the Northern District of California and one each in the Central District of California, the Western District of Texas, the Southern District of Ohio and the Southern District of Florida. Plaintiff in one of the Northern California actions is Dollar Rent A Car System (Dollar action). Plaintiffs in the other five actions are Budget Rent A Car Corporation and various Budget franchises (Budget actions). Hertz Corporation (Hertz) and Avis Rent A Car System, Inc. (Avis) are named as defendants in all six actions and National Rent A Car System, Inc. (National) is presently named as a defendant in the five Budget actions.[1/] Hayes Leasing Company (Hayes), allegedly an Avis franchise, is named as a defendant in the Budget action pending in Texas.

---

\*   Judges Lord and Caffrey took no part in the decision of this matter.
1/  National was originally a defendant in the Dollar action also. National has been dismissed from that action, however, pursuant to a settlement between National and Dollar.

The allegations are substantially the same in the complaints in all six actions. Plaintiffs charge that the defendants have conspired in violation of, inter alia, Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to monopolize trade in the market of car rental concessions located on airport premises. Auto rentals at on-airport concessions allegedly account for more than two-thirds of all auto rentals. Plaintiffs allege that defendants have engaged in the following practices, inter alia, in furtherance of the conspiracy: (1) Defendants have established contractual criteria and eligibility requirements for auto rental concessions at airports that are designed to exclude competitors from the on-airport auto rental market; (2) Defendants have in bad faith opposed applications from other competitors for entry into the on-airport auto rental market; (3) Defendants have induced airport officials to prohibit advertising at airports by car rental companies other than defendants; (4) Defendants have harrassed smaller competitors to prevent them from penetrating the on-airport auto rental market; (5) Defendants have induced airport officials to exclude competitors; and (6) Defendants have engaged in predatory pricing practices to eliminate competition and then have arbitrarily raised prices after competition has been destroyed.

Several parties move the Panel pursuant to 28 U.S.C. §1407 for transfer of the actions pending in districts other than the Northern District of California to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Only partial opposition to the motions has been

- 3 -

expressed. Plaintiff Dollar opposes inclusion of the <u>Dollar</u> action in Section 1407 proceedings and defendant Hayes requests that the claims against it in the Texas action be excluded from transfer by separation and simultaneous remand of those claims.

We find that these six actions[2] involve common questions of fact concerning the alleged conspiratorial activities of the defendants and that centralization of these actions in the Northern District of California for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Dollar mainly argues that because pretrial proceedings in the <u>Dollar</u> action are much further advanced than pretrial proceedings in any of the <u>Budget</u> actions, progress in the <u>Dollar</u> action would be delayed if the <u>Dollar</u> action were coordinated or consolidated with the <u>Budget</u> actions. Hayes, noting that it is a defendant in only one of the six actions, asserts that the factual and legal issues concerning Hayes are unique, that discovery relating to Hayes will be geographically localized, and that therefore the claims against Hayes should be allowed to proceed separately.

Since the <u>Dollar</u> action is already pending in the district we have selected as the transferee forum for this litigation, we believe that the question of whether the <u>Dollar</u> action should

---

[2] One party advises the Panel that another related action is presently pending in the Southern District of New York -- <u>ERC Industries, Inc., et al. v. Hertz, Inc., et al.</u>, C.A. No. 77 Civ. 2524. This action will be treated as a tag-along action. See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

be included in the coordinated or consolidated pretrial proceedings, and if so to what extent, is more properly left to the discretion of the transferee judge. See In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation, 423 F. Supp. 937, 939 (J.P.M.L. 1976); In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation, 399 F. Supp. 1405, 1406-07 (J.P.M.L. 1975). Dollar's concern about Section 1407 proceedings delaying progress in the Dollar action is wholly without merit because the very nature of those proceedings is to ensure the most expeditious processing of the entire litigation. Id. at 1407. We note that procedures are available to make discovery already completed in the more advanced Dollar action applicable to the other actions. See Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977).

The fact that Hayes is a defendant in only one action does not ipso facto merit the exclusion of the claims against it from transfer under Section 1407. An examination of the Texas complaint reveals that Hayes' liability may rest on what information was exchanged between it and the other defendants concerning the elements of the alleged conspiracy that is common to all actions and to all claims in those actions. Hence, discovery on the questions of fact involving Hayes is tied to the other common discovery. See In re Celotex Corporation "Technifoam" Products Liability Litigation, 68 F.R.D. 502, 504-05 (J.P.M.L. 1975). Of course, Hayes need not participate in pretrial proceedings unrelated to the claims against it, see, e.g., Manual for Complex Litigation, Parts I and II, §§2.31 (rev. ed. 1977), and

the transferee judge has broad discretion to design a pretrial program that will allow discovery on any issues unique to Hayes to proceed independently of and concurrently with the common pretrial matters, see In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974). Furthermore, witnesses will likely be deposed in proximity to where they reside, thereby minimizing any inconvenience to Hayes that may result from transfer under Section 1407. See Fed. R. Civ. P. 45(d)(2). The transferee judge will have the best vantage point to determine whether the claims against Hayes are ready for remand, and if he reaches that conclusion, he may recommend that the Panel remand those claims. Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260-63 (1975). See In re Midwest Milk Monopolization Litigation, 386 F. Supp. 1401, 1403 (J.P.M.L. 1975); In re Four Seasons Securities Laws Litigation, 361 F. Supp. 636, 638 (J.P.M.L. 1973).

The Northern District of California is clearly the most appropriate transferee district for this litigation. The two actions pending in that district are already being coordinated by the Honorable Charles B. Renfrew, the pretrial proceedings in one of those actions are well advanced, and he thus has had an opportunity to become acquainted with the issues involved in this litigation. Accordingly, transfer to the Northern District of California will best expedite all the actions. See In re Griseofulvin Antitrust Litigation, 395 F. Supp. 1402, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California, and with the consent of that court, assigned to the Honorable Charles B. Renfrew for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

| | |
|---|---|
| SOUTHERN DISTRICT OF FLORIDA | DOCKET NO. 338 |
| Budget Rent A Car Co. of Florida, Inc., et al. v. The Hertz Corp., et al. | Civil Action No. 77-3467-Civ-CA |
| SOUTHERN DISTRICT OF OHIO | |
| Byrnic, Inc., et al. v. The Hertz Corp., et al. | Civil Action No. C-1-77-594 |
| CENTRAL DISTRICT OF CALIFORNIA | |
| Budget Rent-A-Car of Washington-Oregon, Inc., et al. v. The Hertz Corp., et al. | Civil Action No. CV77-3967-DWW |
| WESTERN DISTRICT OF TEXAS | |
| Texas Auto Services, Inc. v. The Hertz Corp., et al. | Civil Action No. A-77-CA-200 |
| NORTHERN DISTRICT OF CALIFORNIA | |
| Dollar Rent A Car Systems, Inc. v. Hertz Corp., et al. | Civil Action No. C75-2650-CBR |
| Budget Rent A Car Corp., et al. v. The Hertz Corp., et al. | Civil Action No. C77-0876-CBR |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 15 1978

11/15/78

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIRPORT CAR RENTAL )
ANTITRUST LITIGATION )
 )
Pacific Auto Rental Corp., ) DOCKET NO. 338
etc. v. The Hertz Corp., et )
al., D. Hawaii, C.A. No. )
C78-0197 )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

The Panel previously centralized several actions in this litigation in the Northern District of California for coordinated or consolidated pretrial proceedings before the Honorable Charles B. Renfrew. In re Airport Car Rental Antitrust Litigation, 448 F. Supp. 273 (J.P.M.L. 1978) (MDL-338 actions). Plaintiffs in the MDL-338 actions include Dollar Rent A Car System (Dollar), Budget Rent A Car System, Inc. (Budget System), Budget Rent A Car Corp. (the latter two collectively referred to as Budget parties), and various Budget franchises. Plaintiff in one MDL-338 action seeks to represent a class comprised of all Budget franchises in the United States. Defendants in the MDL-338 actions are Hertz Corp. (Hertz), Avis Rent A Car System, Inc. (Avis), National Rent A Car System, Inc. (National), and an Avis franchise in Texas.

The allegations by the plaintiffs in the MDL-338 actions are essentially that the defendants have conspired in violation of, <u>inter alia</u>, Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to monopolize trade throughout the United States in the market of car rental concessions located on airport premises.

The above-captioned action (Hawaii action) has been brought by a Dollar franchise in Hawaii.[1] Defendants are Hertz, Avis, National and Budget System, allegedly the only companies that have car rental facilities located on the premises of Honolulu International Airport. Plaintiff in the Hawaii action alleges that the defendants have conspired in violation of, <u>inter alia</u>, Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to monopolize trade in the market of car rental concessions located on the premises of Honolulu International Airport and in the State of Hawaii. The significant difference between the Hawaii action and the MDL-338 actions is that Budget System, a plaintiff in one of the MDL-338 actions, is named as a defendant in the Hawaii action.

---

[1] Dollar was initially a plaintiff in the Hawaii action also but, pursuant to its own motion, was dismissed as a plaintiff in that action.

Because the Hawaii action appeared to involve common questions of fact with the MDL-338 actions, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975), entered an order conditionally transferring the Hawaii action to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiffs in all the MDL-338 actions oppose transfer. Plaintiff in the Hawaii action and defendants Hertz, Avis and National favor transfer.

We find that the Hawaii action and the MDL-338 actions involve common questions of fact and that transfer pursuant to 28 U.S.C. §1407 of the Hawaii action to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Although the opponents of transfer assert that the Hawaii action is significantly different in scope from the MDL-338 actions, they do not deny that the Hawaii action and the MDL-338 actions involve common questions of fact. Rather, they focus their arguments on the contention that the ongoing pretrial proceedings in the transferee district would be disrupted by inclusion of the Hawaii action in those proceedings. Opponents assert that since

the date transfer was originally ordered by the Panel, counsel for the Budget parties have taken a leading role in coordinating pretrial activity on behalf of all plaintiffs in the MDL-338 actions. If the Hawaii action, which names Budget System as a defendant, is included in the centralized actions by transfer under Section 1407, Budget System would thereafter be precluded from discussing pretrial strategy and sensitive discovery material with the other plaintiffs or the other defendants, and the ongoing pretrial proceedings in MDL-338 would be substantially disrupted, opponents maintain.

We find these arguments unpersuasive. The national conspiracy alleged in the MDL-338 actions necessarily encompasses the statewide conspiracy alleged in the Hawaii action, and therefore the Hawaii action and the MDL-338 actions clearly involve many common questions of fact. As a result, discovery and other pretrial proceedings essential to development of the claims in the Hawaii action will overlap discovery and other pretrial proceedings that are integral to the MDL-338 actions. Inclusion of the Hawaii action in the coordinated or consolidated pretrial proceedings in the transferee district is thus necessary in order to prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings and streamline all other pretrial proceedings.

The fact that Budget System finds itself in an awkward position as one of the plaintiffs in the MDL-338 actions and one of the defendants in the Hawaii action is not a persuasive reason for the Panel to deny transfer where, as is true here, the criteria for transfer under Section 1407 are otherwise satisfied. See In re Corrugated Container Antitrust Litigation, 447 F. Supp. 468, 470-71 (J.P.M.L. 1978); In re Sugar Industry Antitrust Litigation, 437 F. Supp. 1204, 1206-08 (J.P.M.L. 1977). Budget System's dilemma will persist whether these actions are pending in a single district or in separate districts for pretrial proceedings.[2/] The concern of Budget System about the role or roles it shall continue to play in the various actions to which it is a party is best addressed to a single judge -- the transferee judge for this litigation. He has become thoroughly familiar with the issues involved in this litigation, and therefore is clearly in the best position fully to consider and monitor the effects of the issues presented by Budget System regarding its participation in the coordinated or consolidated pretrial proceedings. See id. Any unique discovery needs of Budget System and any antagonistic interests among the parties may be accommodated by the transferee judge in designing the pretrial program. See In re Corrugated Container Antitrust Litigation, supra, 447 F. Supp. at 471.

---

2/   If Budget System feels in an equivocal position, Budget System could consider hiring independent counsel to represent Budget System in its different capacities in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled <u>Pacific Auto Rental Corp., etc. v. The Hertz Corp., et al.</u>, D. Hawaii, C.A. No. C78-0197, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles B. Renfrew for coordinated or consolidated pretrial proceedings with the actions pending there.

ROY W. HARPER, JUDGE OF THE PANEL, dissents from this opinion.